## AFFIDAVIT

I, Angel M. Marcano, a Special Agent with the Department of Homeland Security Investigations, hereinafter referred to as HSI, being duly sworn, depose, and state as follows:

## BACKGROUND

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (HSI), and I have been employed in this capacity since October 18, 2015. I am a graduate of the Criminal Investigator Training Program and the HSI Special Agent Training Academy. In my current role as a Special Agent assigned to HSI Fajardo, my duties include, but are not limited to, the investigation and enforcement of Titles 8, 18, 19, 21 and 31 of the United States Code (U.S.C.). I am an "investigative or law enforcement officer of the United States" within the meaning defined in Title 18 U.S.C. § 2510(7), in that I am an agent of the United States authorized by law to conduct investigations of, and make arrests for, federal offenses.

2. I have been trained in conducting investigations related to firearms violations and narcotics smuggling, which include interdiction and distribution activities. I have also been trained in investigative techniques that involve conducting search of electronic storage media.

3. Through my training and experience, I have become familiar with the *modus operandi* of drug traffickers, local gangs that are involved in drug and weapons trafficking, offenders that commit federal firearms violations, offenders involved in money laundering activities, and other crimes of violence and their methods of communication and storage of information, which include the use of cellular telephones and other electronic devices.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show simply that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

5. Because this affidavit is submitted for the limited purpose of establishing probable cause justifying the issuance of an arrest warrant, I have not included details of every aspect of this investigation. I am thoroughly familiar with the information contained in this Affidavit, either through personal investigation or discussions with other law enforcement officers involved in the investigation. either have interviewed individuals or personally have obtained information, which they in turn have reported to me.

6. The facts and information contained in this affidavit are based on my personal knowledge, as well as upon information received in my official capacity from other individuals, including other federal and state law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint charging YADIEL VELAZQUEZ ROSARIO (hereinafter, Velazquez Rosario) with violating Title 18 U.S.C. §922 (g) (1) (possession of a firearm by a prohibited person). I have set forth only the facts that I believe are necessary to establish probable cause to support this criminal complaint.

### FACTS IN SUPPORT OF PROBABLE CAUSE

7. On October 22, 2025, Puerto Rico Police Bureau (PRPB) Drug Unit from the Humacao, Puerto Rico (PR) region executed a state issued search and seizure warrant at a residence in Proyecto Finca Galateos, Calle 2, D-6 in Rio Grande, PR for the presence of drugs and firearms.

8. In the residence, PRPB Drug Unit Agents found YADIEL VELAZQUEZ ROSARIO and his partner. PRPB Drug Unit Agents searched the premises as per the search warrant with the assistance of a PRPB K-9 trained to smell the odor of narcotics. During the search of the premises no drugs or firearms were found inside the residence. However, while executing the search warrant, Velazquez Rosario made spontaneous statements to the PRPB Drug Unit Agents indicating there was a firearm inside a vehicle parked on the driveway of the residence. The vehicle is further described herein as a Toyota Corolla bearing PR license plate CEY832. At that time, PRPB Agents read the Miranda warnings to Velazquez Rosario.

9. PRPB Drug Agents identified that the registered owner of the Toyota Corolla vehicle bearing PR license plate CEY832 was Velazquez Rosario's partner who was also present at the residence. PRPB Drug Unit Agents explained their interest in searching the vehicle and requested consent to conduct a search of the vehicle for any illegal items. Velazquez Rosario's partner voluntarily consented to the PRPB Drug Unit Agents search of her vehicle. The PRPB Drug Unit Agents then produced a consent to search form for vehicles and provided it to her. Velazquez Rosario's partner and Velazquez Rosario both signed the consent form.

10. Upon searching the vehicle, PRPB Drug Unit Agents found one Glock 19, 9mm caliber pistol bearing serial number CBPA219, with one 17 rounds high capacity 9mm caliber magazine. The firearm was loaded with one round in the chamber and 13 rounds of ammunition inside the magazine. The firearm was found underneath the passenger's side of the vehicle, wrapped inside a zip lock plastic bag

11. Velazquez Rosario was detained by the PRPB Drug Unit Agents and transported to the PRPB Humacao Region Command Center for violations of Puerto Rico weapons laws.

12. On that same day, HSI Fajardo Agents responded to the PRPB Humacao Region Command Center to conduct additional investigation. The HSI Agents identified themselves to Velazquez Rosario and read the Miranda rights to him in his native language of Spanish. Velazquez Rosario signed the Miranda rights form and agreed to give a statement to HSI agents without a lawyer present.

13. Velazquez Rosario stated that the Glock 19, 9mm caliber pistol bearing serial number CBPA219 seized by PRPB Drug Agents inside his partner's car belonged to him. Velazquez Rosario further stated he was aware that he was not authorized to possess such firearm because he is currently on probation at the state level. When asked how he had obtained the firearm, Velazquez Rosario said one of his acquaintances provided it to him free of charge for his own protection. Velazquez Rosario added that he not always carried the firearm with him, but he had the firearm because he feared for his life after receiving multiple death threats in the past.

14. HSI agents interviewed Velazquez Rosario's partner, and she confirmed that she had voluntarily consented to a search of her vehicle and that she had heard when Velazquez Rosario made voluntary statements to the officers regarding the firearm. She described the officers as very professional and indicated that they explained to them the search warrant and the consent.

15. A criminal history record check revealed Velazquez Rosario was convicted on June 23, 2025, in Humacao State Court for violations of the Puerto Rico controlled substances and firearms laws and is currently serving several probationary terms including two years each for two controlled substances offenses and 1 year each for two firearm violations .

16. This investigation revealed that no firearms or ammunitions, including the type mentioned above, were manufactured in the Commonwealth of Puerto Rico; therefore, the aforementioned firearm and ammunition was shipped or transported through interstate or foreign commerce.

## CONCLUSION

17. Based on the foregoing facts and circumstances, your affiant submits that probable cause exists to believe that YADIEL VELAZQUEZ ROSARIO violated 18 U.S.C. § 922 (g)(1) (possession of a firearm by a prohibited person).

I declare that the foregoing is true and correct to the best of my knowledge.

*Angel M. Marcano*
**Angel M. Marcano**
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn in accordance with the requirements of Fed. R. Crim. P. 41 by telephone at __4:45PM__
on October 23rd, 2025.

**HON. MARSHAL D. MORGAN**
UNITED STATES MAGISTRATE JUDGE
PUERTO RICO DISTRICT COURT